UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW ROUSH,

       Petitioner,

v.                                                CASE NO. 02-CV-73281-DT
                                                   HONORABLE AVERN COHN
SHERRY BURT,

       Respondent.
_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Andrew Roush attacked his state court conviction for first-degree criminal sexual conduct. Petitioner initially filed his habeas petition pro se on August 12, 2002, raising twelve claims. Following receipt of Respondent's answer, the Court appointed counsel for Petitioner, who supplemented the habeas petition with a claim of ineffective assistance of appellate counsel (claim XIII).

In an opinion and order dated January 18, 2005, the Court dismissed claims I through III and IX through XII because the claims lacked merit. The Court determined that the claims about Petitioner's trial and appellate attorneys (IV through VIII and XIII) had arguable merit and required an evidentiary hearing. Following an evidentiary hearing, oral argument, and supplemental filings, the Court denied the petition, finding that Petitioner's trial counsel was not ineffective on any of the alleged grounds. See

Order filed August 7, 2006.

Before the Court is Petitioner's application for a certificate of appealability (COA). Petitioner seeks a COA on his claim of ineffective assistance of counsel, specifically on following five grounds:

1. Whether Petitioner is entitled to a writ of habeas corpus where defense counsel's failure to reasonably investigate the State's alleged evidence and findings of abuse constituted ineffective assistance of counsel

2. Whether Petitioner is entitled to a writ of habeas corpus where defense counsel's failure to interview known witnesses constituted ineffective assistance of counsel

3. Whether Petitioner is entitled to a writ of habeas corpus where defense counsel's failure to discuss the case or any strategy with Petitioner constituted ineffective assistance of counsel

4. Whether Petitioner is entitled to a writ of habeas corpus where defense counsel's failure to explain what "impeach" meant so the Petitioner could make an informed decision whether to testify, and failure to have Petitioner testify, constituted ineffective assistance

5. Whether Petitioner is entitled to a writ of habeas corpus where the cumulative impact of defense counsel's errors deprived Petitioner of his right to the effective assistance of counsel and his right to a fair trial

II.

Before Petitioner can appeal the Court's order, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).  Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having reviewed the file and particularly the complexity of the issue, reasonable jurists might debate the Court's resolution of Petitioner's ineffective assistance of counsel claim and come to a different conclusion than did the Court. Accordingly, a COA is granted on the issue of whether Petitioner was deprived of the effective assistance of counsel on the five grounds set forth above.

SO ORDERED.


        s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: August 17, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 17, 2006, by electronic and/or ordinary mail.

        s/Julie Owens
Case Manager, (313) 234-5160