UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW ROUSH,

    Petitioner,

v.                                                            Case No. 02-73281-DT
                                                                  HONORABLE AVERN COHN

SHERRY BURT,

    Respondent.
_____/

## MEMORANDUM AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
## (Doc. 91)

I.

This is a habeas corpus case under 28 U.S.C. § 2254 which is long since closed. In 2002, Petitioner Andrew Roush filed a petition attacking his 1997 state court conviction for first-degree criminal sexual conduct. The Court denied the petition in 2006.

Before the Court is Petitioner's motion for relief from judgment. For the reasons that follow, the motion will be denied.

II.

The background, including the facts presented at trial and procedural history, was set forth in the Court's order denying habeas relief and will not be repeated. Briefly, the charges against Petitioner arose from the allegation he penetrated his seven-year old stepdaughter's anus in 1993. The child did not disclose the alleged abuse until 1996 when she was ten years old. She was eleven years old by the time

she testified at trial in 1997. The jury convicted Petitioner of one count of first-degree criminal sexual conduct. See M.C.L. §750.520b(1)(a). The jury was unable to reach a decision on the other count of first-degree criminal sexual conduct. The trial court subsequently sentenced Petitioner to life imprisonment. Petitioner filed a direct appeal. The court of appeals affirmed in an unpublished *per curiam* opinion. See People v. Roush, No. 202850 (Mich. Ct. App. Dec. 1, 1998). The Michigan Supreme Court denied leave in a standard order. See People v. Roush, 603 N.W.2d 265 (1999) (table).

Petitioner returned to the state trial court to pursue collateral relief. He was denied at all levels. See People v. Roush, No. 96-3122 FC (Calhoun County Cir. Ct. Nov. 17, 2000); People v. Roush, No. 236736 (Mich. Ct. App. Dec. 10, 2001); People v. Roush, 649 N.W.2d 80 (2002).

Petitioner then filed a habeas petition, raising multiple claims. Following receipt of Respondent's answer, the Court appointed counsel for Petitioner, who supplemented the habeas petition with a claim of ineffective assistance of appellate counsel (claim XIII). Petitioner asserted that his appellate counsel should have challenged trial counsel's representation. The Court dismissed claims I through III and IX through XII because the claims lacked merit. The Court determined that the claims about Petitioner's trial and appellate attorneys (IV through VIII and XIII) had arguable merit and required an evidentiary hearing. (Doc. 41).

The Court conducted an evidentiary hearing, directed supplemental briefing, and heard oral argument on Petitioner's ineffective-assistance-of-counsel claims. The Court denied relief but granted Petitioner a certificate of appealability. (Doc. 80). Petitioner appealed. The Sixth Circuit denied relief. See Doc. 87. The Supreme Court denied

2

certiorari. See Doc. 89. Later, in 2017, Petitioner sought permission to file a second habeas petition; the Sixth Circuit denied authorization. See Doc. 90.

Now, in 2019, nearly thirteen years after the Court denied habeas relief, Petitioner filed the instant motion for relief from judgment.

III.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

IV.

Petitioner is not entitled to relief. First, the motion is untimely. A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c). Petitioner moves under Rule 60(b)(3), contending that his trial counsel committed a "fraud upon the Court" in her testimony at

3

the evidentiary hearing. The Court denied the petition in 2006. The instant motion was filed in 2019, over thirteen years later. This is not within a year nor within a reasonable time.

Moreover, even if the motion was timely, Petitioner cannot prevail. Petitioner presents the same arguments considered and rejected by the Court long ago. Nothing in Petitioner's motion convinces the Court that it erred in denying Petitioner habeas relief.

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/21/2019
     Detroit, Michigan